USCA1 Opinion

 

 November 18, 1994 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 94-1305 CRAIG CHEVROLET, INC., ET AL., Plaintiffs, Appellants, v. GENERAL MOTORS CORPORATION, Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ [Hon. Gene Carter, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ _________________________ Ralph A. Dyer for appellants. _____________ Daniel L. Goldberg, with whom Lawrence S. Buonomo, Edward W. __________________ ___________________ _________ Risko, and Bingham, Dana & Gould were on brief, for appellee. _____ _____________________ _________________________ _________________________ Per Curiam. In this case, plaintiffs-appellants Craig __________ Chevrolet, Inc. and Norman S. Craig sued defendant-appellee General Motors Corporation (GM) for damages arising out of (a) appellants' purchase of a Chevrolet franchise in Island Falls, Maine, and (b) the subsequent failure of that franchise. Appellants' amended complaint contained no fewer than eight separate statements of claim, two of which were later voluntarily dismissed. The remaining six statements of claim included counts for intentional misrepresentation, negligent misrepresentation, breach of contract, negligent infliction of emotional distress, violation of the Maine Dealer Protection Statute, Me. Rev. Stat. Ann. tit. 10 1171-1186 (West 1980 & Supp. 1993), and violation of the federal Automobile Dealers' Day in Court Act, 15 U.S.C. 1221-1225 (1988). In a pretrial order, the district court (Brody, U.S.D.J.) granted summary judgment on four of these claims. See Fed. R. Civ. P.56. The case proceeded to trial on ___ the remaining two claims. At the close of the evidence, the district court (Carter, U.S.D.J.) granted the defendant's motion for judgment as a matter of law. See Fed. R. Civ. P.50(b). This ___ appeal ensued. We have carefully reviewed both the summary judgment record and the trial transcript. In addition, we have entertained oral argument, studied the parties' briefs, read the district court's decisions, and researched the applicable law. We conclude, without serious question, that the lower court appropriately entered judgment in GM's favor. Accordingly, we 2 affirm the judgment for substantially the reasons stated in Judge Brody's and Judge Carter's rulings.1 Affirmed. Affirmed. ________  ____________________ 1Judge Brody's rescript accepts in large part, and relies upon, a report and recommendation of Magistrate Judge Beaulieu dated January 25, 1994. To that extent, we, too, approve Judge Beaulieu's recommendation. 3